PEDRO CASTILLO'S CASE. June 19, 1986. *Workmen's Compensation Act,* Findings by Industrial Accident Board, Serious and wilful misconduct of one exercising superintendence.

Pedro Castillo seeks double compensation because his employer struck him. He alleges that such conduct is "serious and wilful" misconduct under G. L. c. 152, § 28 (1984 ed.). A single member of the Industrial Accident

---

[1] The incident occurred before the enactment of G. L. c. 258 (Massachusetts Tort Claims Act).

Board (board) denied Castillo's claim for double compensation and dismissed the claim. The board affirmed the decision of the single member. Castillo appealed to the Superior Court pursuant to G. L. c. 152, § 11 (1984 ed.). The Superior Court judge entered a judgment for Castillo. The employer appealed. The Appeals Court reversed the judgment of the Superior Court and ordered entry of a judgment affirming the board's decision. *Castillo's Case,* 20 Mass. App. Ct. 1106 (1985). We granted the employee's application for further appellate review. We now reverse the judgment of the Superior Court and order a new judgment be entered remanding this matter to the board for further findings.

The decision of the board contains insufficient subsidiary findings. The board found that the employer told the employee to clean a greasy stove. The employee "got mad at his boss and yelled and swore at him." The board further found that "[a]t the time the two of them were talking, Castillo was holding a mop in his hand. He was mopping the floor at the time. [The employer] turned around and punched him on the left side of his mouth." Based on these findings, the board concluded that the employer "at the time he struck the employee was in fear of being struck and that the altercations in the fight that followed was self-defense. There was provocation here."

The Appeals Court, in its unpublished memorandum, concluded that there "was evidence to support [the board's] decision and . . . [therefore] it was error for the judge to order judgment contrary to the decision of the board." We agree with the Appeals Court that there is evidence to support the board's conclusion. However, the board mistakenly attributed the employer's affidavit on the question of provocation to the employee.[1] Further, there is no evidence in the record to support the finding that the fight continued after the blow was struck. These errors, together with the absence of subsidiary findings on the issues of provocation and self-defense, require recommittal to the board.

The judgment of the Superior Court is reversed and a new judgment is to be entered remanding the case to the board for further proceedings consistent with this opinion.[2]

*So ordered.*

*James A. Garretson* for the insurer.
*Ronald W. Stoia* for the employee.

---

[1] In the affidavit, the employer stated that the blow was unprovoked; at the hearing he testified that he acted in self-defense.

[2] We do not reach or decide any issue under G. L. c. 152, § 28.